STARR, GERN, DAVISON & RUBIN, P.C.
530 Fifth Avenue, 9th Floor
New York, NY 10036
          - and -
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel:    973.403.9200
Fax:    973.364.1403

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VINCENT MASINO, KEITH LOSCALZO, and RAYMOND MARIA, as Trustees of the Pavers and Road Builders District Council Pension, Welfare, Annuity, and Apprenticeship, Skill Improvement, and Safety Funds, | : : : : : : : | CIVIL ACTION NO:  08-cv-462 (ERK/RML) |
| Plaintiff, | : : | |
| vs. | : : | |
| ANTHONY FASULO, DOMINICK AGOSTINO, ALBERT ALIMENA, and the NEW YORK INDEPENDENT CONTRACTORS ALLIANCE, INC., | : : : : : : | **ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF ALL DEFENDANTS** |
| Defendants. | : : | |

Defendants, **Anthony Fasulo, Dominick Agostino, Albert Alimena and the New York Independent Contractors Alliance, Inc.**, by and through their attorneys, Starr, Gern, Davison & Rubin, P.C., by way of answer to the Complaint filed herein, state:

## Answer to Nature of the Action

1.      They deny that any breaches occurred; they are without the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.      They neither admit nor deny the allegation of paragraph 2, as the record speaks for itself. Defendant's note, however, that the allegations of paragraph 2 are irrelevant to the claims asserted in the Complaint in this action.

3.      They deny the allegations of paragraph 3.

4.      They deny the allegations of paragraph 4.

5.      They are without the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      They neither admit nor deny the allegations of paragraph 6, but rely on the various authorities referenced therein for their relevant provisions.

### Answer to Jurisdiction and Venue

7.      They admit the allegations of paragraph 7.

8.      They admit the allegations of paragraph 8, except to deny that there were any breaches of duty.

9.      They neither admit nor deny the allegations of paragraph 9, but rely on the referenced Court rules for their relevant provisions.

### Answer to Parties & Related Entities

10.     They admit the allegations of paragraph 10.

11.     They admit the allegations of paragraph 11.

12.     They admit the allegations of paragraph 12.

13.     They admit the allegations of paragraph 13.

14.     They neither admit nor deny the allegations of paragraph 14, but rely on the referenced documents for their terms and conditions.

15.     They admit that plaintiff Masino is a Union trustee of each benefit fund. As to any further allegations of paragraph 15, defendants rely on the authorities referenced therein for their relevant provisions.

16.     They admit that plaintiff Loscalzo is a Union trustee of each benefit fund. As to any further allegations of paragraph 16, defendants rely on the authorities referenced therein for their relevant provisions.

17.     They admit that plaintiff Maria is a Union trustee of each benefit fund. As to any further allegations of paragraph 17, defendants rely on the authorities referenced therein for their relevant provisions.

18.     They deny that Mr. Fasulo directs the business and affairs of NYICA; as Executive Director, Mr. Fasulo supervises day-to-day operations of NYICA subject to the direction of its Board of Directors.  They admit the remaining allegations of paragraph 18.

19.     They admit the allegations of paragraph 19.

20.     They deny the allegations of paragraph 20 except to state that Albert Alimena has resigned from his position as Trustee of each Benefit Fund and that a new Trustee has been appointed to fill his former positions.

21.     They admit the allegations of the first and second sentences of paragraph 21 except for the characterization of the number of NYICA's membership as small, which they neither admit nor deny because it is unclear. They decline to respond to the legal conclusion stated in the third sentence of paragraph 21, but rely on the authorities referenced therein for their relevant provisions.

## Answer to Defendants Employer Trustees' Fiduciary Misconduct

22.     They neither admit nor deny the allegations of paragraph 22, but rely on the referenced documents for their terms and conditions.

23.     They neither admit nor deny the allegations of paragraph 23, but rely on the referenced documents for their terms and conditions.

24.     They deny the allegations of the first sentence of paragraph 24.

(a)  deny the allegations of paragraph 24(a).

(b)     They admit that the Board had scheduled a meeting for December 19, 2007, that Fasulo advised the Union Trustees that because of the resignation of Alimena, the Employer Trustees would not attend the meeting and would wait until a substitute Employer Trustee was appointed. They neither admit or deny allegations concerning the agenda for the meeting, but deny on the agenda itself for its contents.

(c)     They deny the allegations of paragraph 24(c).

(d)     They deny the allegations of paragraph 24(d).

(e)     They deny the allegations of the first sentence of paragraph 24(e). They neither admit nor deny the remaining allegations of that paragraph, but rely on the record of the NLRB proceedings for its contents.

(f)     They deny the allegations of the first, second, and third sentences of paragraph 24(f). They deny the allegations of the fourth sentence of that paragraph. They admit that Alimena did not attend any meeting on December 7, 2007, but deny that the meeting was aborted because he did not attend. They rely on the record of the NLRB proceeding referenced for its contents. They do not possess information sufficient to either admit or deny the allegations of the final sentence of paragraph 24(f).

(g)     They deny the allegations of paragraph 24(g) except that they rely on the record of the arbitration proceeding referenced for its contents. They deny making any false claims in the arbitration proceedings.

(h)     They deny the allegations of paragraph 24(h) except that they rely on the record of the arbitration proceedings referenced for its contents. They deny making any false claims in the arbitration proceedings. They deny making any false claims in the arbitration proceedings.

(i)     They deny the allegations of paragraph 24(i) except that they rely on the records of the arbitration proceedings and litigation referenced for their contents. They deny making any false claims in the arbitration proceedings.

(j)     They deny the allegations of paragraph 24(j) except that they rely on the documents referenced for their terms and conditions.

(k)     They deny the allegations of paragraph 24(k).

25.     They deny the allegations of paragraph 25.

26.     They deny the factual allegations of paragraph 26, and the remainder of the paragraph contains assertions of legal conclusions as to which plaintiffs are left to their proofs.

27.     They deny the factual allegations of paragraph 27, and the remainder of the paragraph contains assertions of legal conclusions as to which plaintiffs are left to their proofs.  Further, they rely on the referenced documents for their terms and conditions.

### ANSWER TO FIRST CAUSE OF ACTION
**(Breach of ERISA Fiduciary Duty By Defendant Employer Trustees)**

28.     They neither admit nor deny the allegations of paragraph 28, but rely on the various authorities referenced therein for their relevant provisions.

29.      They deny the allegations of paragraph 29.

## ANSWER TO SECOND CAUSE OF ACTION
### (Breach of ERISA Fiduciary Duty By Defendant NYICA)

30.      They deny the allegations of paragraph 30.

## AFFIRMATIVE DEFENSES

1.      Defendants did not breach fiduciary duty because they acted in the best interests of the Funds and their participants.

2.      The matter is not properly before this Court because the Trust Agreements require arbitration of disputes among Fund Trustees that lead to deadlocks in voting on matters pertaining to Funds.

3.      The making of motions or the arbitration of deadlocked motions does not constitute a breach of fiduciary duty.

**WHEREFORE,** defendants demand judgment dismissing the Complaint as filed herein, together with attorneys' fees, costs of suit and such other and further relief as this Court deems just and equitable.

Dated: May _19_, 2008
       Roseland, New Jersey

_____
Jonathan J. Lerner (JL2916)
STARR, GERN, DAVISON & RUBIN, P.C.
Attorneys for Defendants
530 Fifth Avenue, 9th Floor
New York, NY 10036
     - and -
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel:    973.403.9200
Fax:   973.364.1403

TO:    Richard N. Gilberg
Richard A. Brook
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, NY 10018
Tel:    212.239.4999
Email: rbrook@msek.com

James S. Ray, Esq.
LAW OFFICES OF JAMES S. RAY
706 Duke Street
Alexandria, VA 22314
Tel:    703.836.8111
Email: jrayraylaw@aol.com

Attorneys for Plaintiffs

## AFFIDAVIT OF SERVICE

**STATE OF NEW JERSEY)**
                                    **ss:**
**COUNTY OF ESSEX        )**

        **LENORA CROGIER**, being duly sworn, deposes and says:

        I am not a party to this action and am over 18 years of age.  On the date below, I forwarded, via regular, first-class mail, the within Answer and Affirmative Defenses on Behalf of All Defendants (which has been electronically filed with the Court) to counsel of record listed hereinabove.

                                        _____
                                        LENORA CROGIER

Sworn and Subscribed to before me
this _20_ day of May, 2008

_____

           **KATHLEEN PILLA**
     **A NOTARY PUBLIC OF NEW JERSEY**
   **MY COMMISSION EXPIRES JUNE 1, 2009**