Richard N. Gilberg (RNG 7732)
Richard A. Brook (RAB 7355)
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
(212) 239-4999
rbrook@msek.com

James S. Ray
LAW OFFICES OF JAMES S. RAY
706 Duke Street
Alexandria, Virginia 22314
(703) 836-8111
jrayraylaw@aol.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=======================================
**VINCENT MASINO, KEITH LOSCALZO, and**
**FRANCISCO FERNANDEZ, as Trustees of the**
**Pavers and Road Builders District Council**
**Pension, Welfare, Annuity, and Apprenticeship,**
**Skill Improvement, and Safety Funds,**

|  |  |
|---|---|
| **Plaintiffs,** | **CIVIL ACTION NO.** |
| **vs.** | **08-CV-0462(ERK)(RML)** |

**EDWARD F. DRAGO, JAMES KILKENNY,**
**PHILIP A. FAICCO, RICHARD GRACE, and the**
**NEW YORK INDEPENDENT CONTRACTORS**
**ALLIANCE, INC.,**
                              **Defendants.**
=======================================

### AMENDED COMPLAINT

Plaintiffs Vincent Masino, Keith Loscalzo and Francisco Fernandez, as Union

Trustees of the Pavers and Road Builders District Council Pension, Welfare, Annuity,

and Apprenticeship, Skill Improvement, and Safety Funds (collectively the "Benefit

Motion For Leave To File
Amended Complaint

**Exhibit A**

**-2-**

Funds"), allege as follows against each of the Defendants Edward F. Drago, James

Kilkenny, Philip A. Faicco, Richard Grace, and the New York Independent Contractors

Alliance, Inc. ("NYICA").

## Nature Of The Action

1.      This is an action under the Employee Retirement Income Security Act (ERISA),

as amended, 29 U.S.C. §1001, *et seq.* brought by the Union Trustees of the Benefit

Funds against the individuals who serve as the Employer Trustees of the Benefit

Funds and the employer association and association official that appoints them, to

remedy breaches of ERISA.  These breaches include the recent appointment of a

convicted criminal as an Employer Trustee and the exercise of fiduciary authority over

the Benefit Funds by a person who is barred by a 2008 judgment of this Court against

serving as a fiduciary.  The action also seeks relief from the Court to terminate the

employer association's monopoly on appointing Employer Trustees of the Benefit

Funds because the employer association's members have few employees covered by

the Benefit Funds and the Employer Trustees continue to breach their fiduciary duties

to advance the association's interests and the interests of an independent union

operated by expelled officers of the Pavers and Road Builders District Council and

affiliated Local Unions.

2.      This Court is aware of the troubled history of the Benefit Funds by virtue of the

proceedings in various other cases including <u>Masino, et al. v. Montelle, et al.</u>, No. 05-

CV-2447 (ERK)(RML) in which this Court rejected the effort by previous Trustees to

wrongfully entrench themselves and enforced the right of Plaintiff Masino, as the

-3-

International Trustee of the Pavers and Road Builders District Council, to replace the previous Union Trustees.  This Court also enjoined the Trustees from allowing participation in the Benefit Funds by the independent United Plant and Production Workers Local 175 ("UPPW Local 175") which was founded and is operated by individuals who were expelled from LIUNA and their associates.  The removed Trustees were not acting for the exclusive benefit of the Benefit Funds' participants and beneficiaries as required by ERISA's fiduciary standards.  Rather, they were acting for the benefit of themselves and their associates, including Anthony Franco, the former Administrator of the Benefit Funds who was expelled from LIUNA because of associations with Organized Crime and who controls UPPW Local 175 and the Local 175 the benefit funds.

3.      Since the appointment of the new Union Trustees in accordance with this Court's orders in Masino v. Montelle, the Employer Trustees have engaged in a course of misconduct designed to obstruct and disrupt the effective governance and administration of the Benefit Funds and to advance the interests of Defendant NYICA, UPPW Local 175 and Anthony Franco at the expense of the interests of the Benefit Funds and their participant and beneficiaries.  NYICA and UPPW Local 175 appear to be a joint enterprise.  As the Court knows from motions practice and rulings in this case,  the Employer Trustees have attempted to evade this Court's injunction in Masino v. Montelle and unlawfully force the Benefit Funds to admit UPPW Local 175 and its employers into the Benefit Funds or compel the Benefit Funds

-4-

to transfer assets to benefit funds sponsored by UPPW Local 175.  NYICA and the

Employer Trustees / JAC members have also wrongfully exercised their fiduciary

authority to exclude non-NYICA employers from participation in the Apprenticeship

Fund's apprenticeship program.

4.      The core problem is that NYICA continues to appoint all of the Employer

Trustees of the Benefit Funds, even though NYICA and its employer-members have no

legitimate stake in the Benefit Funds.  Employers that are not NYICA members are

unrepresented on the Board of Trustees, even though they pay more than 95% of the

collectively bargained contributions to the Benefit Funds and their employees constitute

more than 95% of all participants in the Benefit Funds. NYICA's monopoly over

appointment and removal of all Employer Trustees ensures that the Employer Trustees

will act in the interests of NYICA, UPPW Local 175 and Mr. Franco and block the

Benefit Funds from taking actions that conflict with those interests.  The vast majority of

participants whose contributing employers are not NYICA members are being denied

the honest fiduciary services of Employer Trustees in gross violation of ERISA.

5.      Since this action was filed, several NYICA-appointed Employer Trustees have

resigned or have been removed and replaced by NYICA and one (Anthony Fasulo) has

died.  Original Defendants Dominick Agostino and Albert Alimena were removed and

replaced by other NYICA appointees (some of whom have also resigned or been

removed by NYICA).   Named Defendants Drago, Kilkenny and Faicco are the current

NYICA-appointed Employer Trustees.

-5-

6.     The Employer Trustees' misconduct has prevented the Board of Trustees from

taking actions and making decisions that are necessary for the proper administration

and management of the Benefit Funds, for the protection of the Benefit Funds' financial

integrity, and for the provision of appropriate benefits and service for participants and

beneficiaries.  In accordance with their insidious design, the Employer Trustees'

misconduct has rendered the Board of Trustees largely dysfunctional.  The Court's

immediate intervention is needed to prevent irreparable harm to the Benefit Funds and

their participants and beneficiaries.

7.     The Plaintiff Union Trustees bring this action pursuant to their fiduciary and co-

fiduciary duties under ERISA Sections 404(a) and 405(a) and (b)(1)(A), 29 U.S.C.

§§1104(a), 1105(a), (b)(1)(A), and in compliance with ERISA Section 411(a), 29 U.S.C.

§1111.

8.     The Court has a responsibility and broad equitable powers under ERISA

Sections 409, 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1109, 1132(a)(2), (a)(3), and

Section 302(c)(5) of the Labor Management Relations ("Taft-Hartley") Act, 29 U.S.C.

§186, to intervene in the administration and governance of the Benefit Funds to protect

the interests of the participants and beneficiaries and enforce the fiduciary standards of

ERISA.  These equitable powers include removal of Employer Trustees and other

fiduciaries, the granting of injunctive relief, reformation of the Benefit Funds' trust

documents, and appointment of a temporary special master to monitor compliance with

fiduciary duties and resolve disputes among the Trustees.   Among the fundamental

-6-

purposes of ERISA is to provide "ready access to the Federal courts" and vest those courts with broad equitable powers to protect the interests of benefit plan participants and beneficiaries.  ERISA Section 2(b), 29 U.S.C. §1001(b).

## Jurisdiction & Venue

9.     This Court has jurisdiction over this action pursuant to ERISA Sections 502(a)(2),(a)(3), (e)(1) and (f), 29 U.S.C. §§1132(a)(2), (a)(3), (e)(1), (f), Section 302 of the Labor Management Relations ("Taft-Hartley") Act, 29 U.S.C. §186, 28 U.S.C. §1331 (federal question), and 28 U.S.C. §2201 (declaratory relief).

10.     This Court is an appropriate venue pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), inasmuch as the Benefit Funds are administered within this District and the breaches of fiduciary duty occurred within this District, and pursuant to 28 U.S.C. §1391(b)(2).

11.     This action is "related" to Masino v. Montelle the meaning of this Court's rules.

## Parties & Related Entities

12.     The Pavers and Road Builders District Council Pension Fund is an "employee pension benefit plan" and an "employee benefit plan" within the meaning of ERISA Sections 3(2) and 3(3), 29 U.S.C. §§1002(2), (3), and is covered by ERISA pursuant to ERISA Section 4(a), 29 U.S.C. §1003(a).  The Fund's administrative office is located in the Eastern District of New York.

-7-

13.    The Pavers and Road Builders District Council Welfare Fund is an "employee

welfare benefit plan" and an "employee benefit plan" within the meaning of ERISA

Sections 3(1) and 3(3), 29 U.S.C. §1002(1), (3), and is covered by ERISA pursuant to

ERISA Section 4(a), 29 U.S.C. §1003(a).  The Fund's administrative office is located in

the Eastern District of New York.

14.    The Pavers and Road Builders District Council Annuity Fund is an "employee

pension benefit plan" and an "employee benefit plan" within the meaning of ERISA

Sections 3(2) and 3(3), 29 U.S.C. §1002(2), (3), and is covered by ERISA pursuant to

ERISA Section 4(a), 29 U.S.C. §1003(a). The Fund's administrative office is located in

the Eastern District of New York.

15.    The Pavers and Road Builders District Council Apprenticeship, Skill

Improvement, and Safety Fund ("Apprenticeship Fund") is an "employee welfare benefit

plan" and an "employee benefit plan" within the meaning of ERISA Sections 3(1) and

3(3), 29 U.S.C. §1002(1), (3), and is covered by ERISA pursuant to ERISA Section

4(a), 29 U.S.C. §1003(a).  The Fund's administrative office is located in the Eastern

District of New York.

16.    The Apprenticeship Fund maintains and fully funds an apprenticeship program

that is operated by a Pavers and Road Builders District Council Joint Apprenticeship

Committee ("JAC").   The apprenticeship program is an employee welfare benefit fund

and an employee benefit plan within the meaning of ERISA Sections 3(1) and 3(3) and

-8-

is covered by ERISA pursuant to ERISA Section 4(a).  The JAC and its members are "fiduciaries" with respect to the apprenticeship program and the Apprenticeship Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A).

17.     Each of the Benefit Funds is maintained pursuant to an Agreement and Declaration of Trust (the "Trust Agreements").  Under the Trust Agreements, the discretionary governance and administration of each Benefit Fund and its assets is vested in a Board of Trustees consisting of three (3) Union Trustees and three (3) Employer Trustees.  The same Trustees serve on each Benefit Fund's Board of Trustees, to the same effect as if there were only one Board of Trustees for all of the Benefit Funds. Each Trustee has one vote in each Benefit Fund's governance.  Each of the Union Trustees and Employer Trustees is a fiduciary with respect to each Benefit Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A).

18.     Plaintiff Vincent Masino is a Union Trustee of each Benefit Fund.  As such, he is a fiduciary with respect to each Benefit Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A), and is authorized to bring this action under ERISA Sections 502(a)(2) and (a)(3), 29 U.S.C. §§1132(a)(2), (3).

19.     Plaintiff Keith Loscalzo is a Union Trustee of each Benefit Fund and a Union-appointed member of the JAC..  As such, he is a fiduciary with respect to each Benefit Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A), and is authorized to bring this action under ERISA Sections 502(a)(2) and (a)(3), 29 U.S.C.

§§1132(a)(2), (3).

20.    Plaintiff  Francisco Fernandez is a Union Trustee of each Benefit Fund and

a Union-appointed member of the JAC.   He was appointed by the Pavers and Road

Builders District Council to fill the Union Trustee position vacated by the retirement of

original Plaintiff Raymond Maria.  He such, he is a fiduciary with respect to each

Benefit Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A),

and is authorized to bring this action under ERISA Sections 502(a)(2) and (a)(3), 29

U.S.C. §§1132(a)(2), (3).

21.    Defendant Edward F. Drago is an Employer Trustee of each Benefit Fund and a

member of the JAC.  As such, he is a fiduciary with respect to each Benefit Fund within

the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A).  He was appointed an

Employer Trustee on April 21, 2010 by NYICA officials to fill the position vacated by the

death of original Defendant Anthony Fasulo.   Drago was also appointed by NYICA

officials to serve as an employer representative on the JAC.

22.    Defendant James Kilkenny is an Employer Trustee of each Benefit Fund and a

member of the JAC.   As such, he is a fiduciary with respect to each Benefit Fund within

the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A).  He was appointed as

an Employer Trustees and JAC members by NYICA.  He is employed as an official of

NYICA and, on information and belief, he is NYICA's Executive Director and a member

of NYICA's Board of Directors.

**-10-**

23.     Defendant Philip A. Faicco is an Employer Trustee of each Benefit Fund.  As

such, he is a fiduciary with respect to each Benefit Fund within the meaning of ERISA

Section 3(21)(A), 29 U.S.C. §1002(21)(A).  He was appointed as an Employer Trustee

by NYICA.

24.     Defendant Richard Grace is the Chairman of NYICA's Board of Directors

and the President of NYICA.  As such, he had and exercised authority to appoint, or

participated in the decision to appoint, Defendant Drago as an Employer Trustee of the

Benefit Funds and a JAC member.  By virtue of this appointment authority and action,

he is a fiduciary with respect to each Benefit Fund within the meaning of ERISA Section

3(21)(A), 29 U.S.C. §1002(21)(A).  Defendant Grace also serves, or has served, as the

employer trustee of the UPPW Local 175 benefit funds.

25.     Defendant NYICA is a New York corporation that functions as an employer

association for a small number of employers engaged in the building and construction

industry in the metropolitan New York area.  NYICA has appointed all of the Employer

Trustees to the Board of Trustees and all employer members of the JAC. As such,

NYICA is a fiduciary with respect to each Benefit Fund within the meaning of ERISA

Section 3(21)(A), 29 U.S.C. §1002(21)(A).  NYICA's office is located in the Eastern

District of New York.

### Unlawful Appointment Of Edward Drago As An Employer Trustee And JAC Member By Richard Grace, James Kilkenny, And NYICA

26.     By letter dated April 21, 2010, Defendant Richard Grace as Chairman of

-11-

NYICA's Board of Directors and the President of NYICA sent a letter to Union Trustee

Vincent R. Masino and Fund Administrator John Hutchings regarding "Replacement of

Management Trustee".  The letter, which was written on NYICA letterhead, states as

follows:

> "Dear Trustees:
>
> "Please be advised that, due to the recent passing of Anthony Fasulo, effective
> April 21, 2010, the N.Y.I.C.A. Board of Directors has authorized Mr. Edward
> Drago to serve as a Management Trustee for the above Funds.
>
> "Very truly yours,
> [signature of Richard Grace]
> "Richard Grace
> "Chairman/President, NYICA"

27.    Defendants Grace and Kilkenny participated in this appointment decision.


28.    Earlier NYICA appointed Defendant Drago as an employer representative on the

JAC.  Defendants Grace and Kilkenny participated in that appointment decision too.


29.    Defendant Drago was convicted of Grand Larceny on April 5, 2006 in the

Supreme Court of the State of New York, County of New York: The People of the State

of New York v. Edward F. Drago, Ind. No. 4888/04.  Drago was indicted by a New York

County grand jury for stealing money from labor unions, in particular the Building

Trades Council of New York and the New York District Council of Carpenters, for

falsifying expense documents, for a systematic ongoing course of fraudulent conduct,

and for tampering with evidence, all while serving as the head of apprenticeship

training programs for the New York State Department of Labor.  As a matter of public

-12-

record,  presiding Judge Richard D. Carruthers ruled that the Indictment was well

supported by evidence and  that the prosecution could offer at trial evidence of

additional, similar crimes by Drago that had not yet been formally charged.  In the end,

Drago pled guilty to one count of Grand Larceny before trial.

30.    ERISA Section Section 411(a), 29 U.S.C. §1111(a) (Persons Prohibited From

Holding Certain Positions) provides in pertinent part as follows:

> "No person who has been convicted of....grand larceny...shall serve or be
> permitted to serve–...

> "(1)    as an administrator, fiduciary, officer, trustee, custodian, counsel, agent,
> employee, or representative in any capacity of an employee benefit plan,
> ...

> "(3)    in any capacity that involves decisionmaking authority or custody or
> control of the moneys, funds, assets, or property of any employee benefit
> plan,

> "during or for a period of thirteen years after such conviction....No person shall
> knowingly hire, retain, employ, or otherwise place any other person to serve in
> any capacity in violation of this subsection."

> ERISA Section 411(b) makes an intentional violation of Section 411(a) a crime.

31.    Defendants Grace, Kilkenny and NYICA knew or should have known that

Defendant Drago had been convicted of Grand Larceny at the times that they

appointed him an Employer Trustee of the Benefit Funds and as a JAC member, and

knew or should have known other facts about his background that made him an

unsuitable appointee to these fiduciary positions.

32.    Defendants Grace, Kilkenny, Faicco and NYICA have refused to remove

Defendant Drago from his positions as an Employer Trustee and JAC member despite

-13-

being informed by the U.S. Department of Labor and by proceedings in this case that Drago's appointment and service violates ERISA Section 411.

33.     By appointing Defendant Drago or participating in Defendant Drago's appointments as a Employer Trustee and JAC member, Defendant Grace exercised discretionary, fiduciary authority with regard to the Benefit Funds and the JAC.  In doing so, Defendant Grace violated an injunction, specifically directed to him, that is included in a Consent Judgment entered by the United States District Court for the Eastern District of New York, Hon. Carol B. Amon, U.S.D.J. presiding, in <u>Chao, Secretary of Labor v. Fred Clemenza <i>et al.</i></u>, Civil Action 06-CV-2877.  This was an action brought by the U.S. Department of Labor against Defendant Grace and others for breaching their ERISA fiduciary duties as trustees of the Local 1175 Pension, Welfare and Annuity Plans.  Grace was an employer trustee of the abused funds. Under the terms of the Consent Judgment signed by Judge Amon and entered on June 24, 2008 (Docket #66):

> "Defendant Richard Grace is enjoined for a period of two years from the date this Consent Judgment is entered by the Court from acting as a fiduciary or service provider to any employee  benefit plan subject to Title I of ERISA."

34.     Defendant Grace is, or has served as, the only employer trustee of benefit funds that are sponsored by UPPW Local 175 and controlled by Anthony Franco, the expelled former administrator of the Benefit Funds.

**Unlawful Entrenchment Of NYICA-Appointed Trustees**

35.     Each Benefit Fund is funded by employer contributions required by collective

-14-

bargaining agreements between the Pavers and Road Builders District Council and

various employers that employ members of the District Council and its affiliated Local

Union(s).  The collective bargaining agreements generally require each signatory

employer to contribute to each Benefit Fund a certain rate of money for each hour

worked by a member under the agreement.  Under ERISA and other federal laws, the

contributions must be held in trust by each Benefit Fund's Board of Trustees and used

for the exclusive purposes of paying promised benefits to eligible participants and

beneficiaries of the Benefit Fund and paying the reasonable expenses of the Benefit

Fund's administration.  Only employees of contributing employers may become

participants in the Benefit Funds, as a matter of law and fact.

36.     Under the Trust Agreement of each Benefit Fund, the Board of Trustees has

ultimate discretionary authority and control over the administration and governance of

the Benefit Fund. This includes the design and administration of each Benefit Fund's

benefit programs as well as the hiring and firing of staff employees, investment

managers, and other professional service providers and vendors.


37.     The Board of Trustees makes decisions concerning each Benefit Fund at Board

meetings.  The Trust Agreements require at least one "regular meeting" of the Board

each calendar year at a time and place of the meeting agreed to by the Trustees.

Additional, "special meetings" of the Board may be called by either Co-Chairman of the

Board upon five days notice.   However, decisions may be made at a meeting only if

a quorum of Trustees is present.  A quorum consists of two Union Trustees and two

-15-

Employer Trustees.  Each Trustee has one (1) vote.  Action by the Board of Trustees

requires at least a majority vote, which means that at least one Employer Trustee must

vote with the Union Trustees (or *vice versa*) for the Board to take action or make

decisions.  The Trust Agreements provide a procedure for breaking Trustee

"deadlocks", but only with regard to a "deadlock" on any question of the "administration"

of the Fund at two consecutive "regularly-scheduled meetings" of the Board.

38.     Under the terms of the Trust Agreements, NYICA appoints all of the Employer

Trustees for each of the Benefit Funds.  This is an outdated legacy of a lamentable era

when most, if not virtually all, of the contributing employers were members of NYICA or

signatory to a NYICA-negotiated collective bargaining agreement with the Pavers and

Road Builders District Council and its affiliated Local Union(s).  NYICA's collective

bargaining agreements with the Pavers and Road Builders District Council over the

years entitled NYICA to appoint only a proportionate number of the Employer Trustees

of the Benefit Funds, not all of them.

39.     Now, few NYICA employers contribute to the Benefit Funds and they pay only

a negligible share of the contributions received by the Benefit Funds.  For all of

2008, NYICA employers contributed only 4.3% of the Benefit Funds' total contribution

income ($2.1 million of the $47.76 million total).  For 2009 through October 31st,

NYICA employers contributed only 4.8% of the Benefit Funds' total contribution income

($1.8 million of the $37.98 million total).  This small share is expected to decline even

more inasmuch as the NYICA collective bargaining agreement with the Pavers and

-16-

Road Builders District Council has expired.

40.     More than 95% of the contributions to the Benefit Funds are being paid by employers that are not members of NYICA.  Most of these non-NYICA employers are signatory to a collective bargaining agreement between the Pavers and Road Builders District Council / affiliated Local Union(s) and the General Contractors Association of New York ("GCA") that requires contributions to the Benefit Funds for employees covered by the agreement.  Many other contributing employers have independent collective bargaining agreements with the Pavers and Road Builders District Council, and some contribute under an agreement with another employer association.

41.     These non-NYICA contributing employers have a strong legitimate stake in the Benefit Funds' well-being because their employees depend on the Benefit Funds for health care benefits, retirement income, and other economic benefits of importance to the employees and their families.  Indeed, their employees compose more than 95% of the participants covered by the Benefit Funds.  Yet, these employers have no representation on the Boards of Trustees of the Benefit Funds.  Moreover, the NYICA-appointed Employer Trustees are using their positions to punish the non-NYICA contributing employers for not being dues-paying NYICA members.

42.     The GCA has petitioned the Benefit Funds for authority to appoint a proportionate share of the Employer Trustees, but the Employer Trustees have refused to consent to any change in NYICA's monopoly over the appointment of Employer

-17-

Trustees in the Trust Agreement.

43.     In effect, the Employer Trustees are entrenched and insulated from accountability to the employers that provide more than 95% of the Benefit Funds' funding and whose employees comprise more than 95% of the Benefit Funds' participants.  The Employer Trustees are answerable only to NYICA which has little, if any, legitimate interest in the Benefit Funds' well-being and which has been using its fiduciary authority to advance its own business interests and the interests of UPPW Local 175 and Anthony Franco.

**NYICA & NYICA-Appointees' Attempt To Monopolize The Apprenticeship Program**

44.     Defendant NYICA and the NYICA-appointed Employer Trustees of the Apprenticeship Fund and the NYICA-appointed JAC employer members are exercising their fiduciary authority to try to wrongfully limit participation in the Apprenticeship Fund's apprenticeship program to employers that are members of NYICA in defiance of threats by the New York State Department of Labor ("NYSDOL") to de-register the program.  They are insisting on this monopoly to advance the interests of NYICA and its employer-members by giving them a business competition advantage over contributing employers that are not NYICA employers.

45.     The apprenticeship program, which is overseen by the JAC, gets 100% of its funding from the Apprenticeship Fund.  This arrangement is legally necessary because direct employer contributions to the JAC would violate Section 302(c) of the Taft-

-18-

Hartley Act.  The apprenticeship program is a program of the Apprenticeship Fund as a legal and practical matter.

46.     Employers that contribute to the Apprenticeship Fund pursuant to their collective bargaining agreements with the Pavers and Road Builders District Council reasonably expect that they will be permitted to participate in the apprenticeship program and obtain apprentices through the program.  Participation in an apprenticeship program is a business necessity for contributing employers because certain laws and governmental regulations require such participation as a condition for obtaining public project work in the New York City area.

47.     By trying to exclude non-NYICA employers from the Apprenticeship Fund's apprenticeship program, NYICA, the NYICA-appointed Employer Trustees, and the NYICA-appointed employer members of the JAC are intentionally trying to impede the ability of non-NYICA employers to compete with NYICA employers for public project work.  In so doing, Defendants NYICA, Drago, Kilkenny and Faicco are exposing the Apprenticeship Fund to charges of anti-trust law violations.  The GCA has put the Apprenticeship Fund's Trustees on notice that the exclusion of its employer-members from the apprenticeship program will cause significant competitive harm.

48.     NYICA employers pay a negligible share of the contributions received by the Apprenticeship Fund.  For 2008, the Apprenticeship Fund received a total of $1,008,227.93 in contributions from all employers, and of amount NYICA employers contributed only $24,838.63 or 2.46%.  For 2009 (January 1-October 31), the

-19-

Apprenticeship Fund received a total of $697,204.03 in contributions from all

employers, and of that amount NYICA employers contributed only $21,358.89 or

3.06%.  This small share is expected to decline even more inasmuch as the NYICA

collective bargaining agreement with the Pavers and Road Builders District Council has

expired.

49.      In other words, non-NYICA employers–that is, GCA employers, independent

employers, and other employers–are contributing 97% or more of the funding for the

Apprenticeship Fund and its apprenticeship program.  Yet, NYICA and its Employer

Trustees are trying to prevent these contributing employers from accessing the

program.  In other words, NYICA and the Employer Trustees want to use the non-

NYICA contributing employers' money for the apprenticeship program, but deny them

and their employees access to the program.

50.      The Trust Agreement of the Apprenticeship Fund expressly provides for

participation by non-NYICA employers in the Fund and its programs.  Nowhere in the

Trust Agreement is there any provision authorizing the exclusion of any contributing

employer from participation in the apprenticeship program nor any provision limiting

participation in the apprenticeship program to NYICA employers.

51.      Nonetheless, the NYICA-appointed Employer Trustees and the NYICA-

appointed JAC members have blocked all efforts to amend the apprenticeship

program's documentation–another outdated legacy of the lamentable era–to expressly

-20-

provide for participation by all contributing employers.

52.     The NYSDOL, which has regulatory authority over the Apprenticeship Fund's apprenticeship program through a State law registration regime, has insisted that the apprenticeship program must be opened to all contributing employers and has put the parties on notice of an intent to de-register the program if the limitation of participation to NYICA members is not removed.  De-registration would destroy the apprenticeship program.  Indeed, even the commencement of de-registration proceedings would destroy the program, as a practical matter.

53.     Any doubt that the NYICA-appointed Trustees and JAC members are trying to use the Fund's apprenticeship program to pressure non-NYICA employers to become NYICA members was washed away by a letter sent by NYICA's Executive Director to non-NYICA employers that contribute to the Apprenticeship Fund in 2009.  That letter states:

> "Non-NYICA members are not permitted to participate in the apprenticeship program and may be precluded from performing designated public work projects that require participation in a NYS approved apprenticeship program.
>
> "Therefore it is imperative that your membership in NYICA be current.  Enclosed please find a NYICA apprenticeship participation agreement.  Please sign the agreement and forward back to our office asap so we can include your company in our list of approved contractors.  Upon receipt of the fully executed apprentice affiliation agreement NYICA will furnish each signatory employer with an official affiliation certificate that may be required in submitting bids.  Also enclosed is a NYICA employer contribution form.  If you are not already doing so please use this form when remitting all contributions to the Pavers and Road Builders Funds."  [Emphasis in original.]

54.     NYICA and the NYICA-appointed Employer Trustees reafffirmed this position in

-21-

various memoranda and affidavits submitted in this case in opposition to the Plaintiffs'

motion for preliminary relief to remedy this abuse of the apprenticeship program.

55.     By trying to limiting participation in the apprenticeship program to NYICA

employers, Defendants are depriving current and future apprentices in the program of

training and employment opportunities, contrary to the fundamental purpose of the

Apprenticeship Fund and the apprenticeship program and contrary to the NYSDOL's

expressed demands.

56.     NYICA and the NYICA-appointees are able to engage in this abuse of the

Apprenticeship Fund and apprenticeship program because NYICA has a monopoly on

appointing Employer Trustees and the Employer Trustees are personally, politically

and economically bound to adhere to NYICA's wishes without regard to their ERISA

fiduciary obligations.  Indeed, Defendant Kilkenny is NYICA's Executive Director.

**Employer Trustees' Continuing Efforts To Help UPPW Local 175 In *DiMaria* Case**

57.     As the Court is aware, the Employer Trustees violated and attempted to evade

the Court's Masino v. Montelle injunction against UPPW Local 175 participation in the

Benefit Funds by instigating arbitration proceedings, purportedly under the Benefit

Funds' Trust Agreements.  The Employer Trustees' demanded and tried to compel

arbitration over a proposal to allow UPPW Local 175 to participate in the Benefit

Funds.

58.     The Employer Trustees also demanded and tried to compel arbitration over their

-22-

scheme to have the Benefit Funds engage new lawyers to represent them, apart from

the Union Trustees and the Benefit Funds, in DiMaria et al. v. Fasulo, et al., Civil Action

No. 07-CV-797, USDC EDNY.  This is a lawsuit brought by UPPW Local 175 to raid the

Benefit Funds or compel the Benefit Funds to accept UPPW Local 175 members into

participation.  The Employer Trustees have wanted to betray the Benefit Funds'

defense and realign with the UPPW Local 175 plaintiffs against the Benefit Funds.

59.     In a *Report and Recommendations* issued on July 17, 2009, U.S. Magistrate

Judge Robert M. Levy ruled denied the Employer Trustees' motion to compel arbitration

of these two demands and one other.  On January 7, 2010, U.S. District Judge Edward

R. Korman denied the Employer Trustees' appeal of the *Report and Recommendations*.

During the January 7, 2010 hearing on the appeal, Judge Korman particularly warned

the Employer Trustees', through counsel, that their efforts to undermine the Benefit

Funds' defense in the DiMaria case and help UPPW Local 175 to raid the Benefit

Funds were inconsistent with his Masino v. Montelle injunction and with their ERISA

fiduciary duties to the Benefit Funds.

60.     Despite Judge Korman's warning, the Employer Trustees are continuing their

efforts to undermine the Benefit Funds' defense of the DiMaria case and assist UPPW

Local 175 in raiding the Benefit Funds.  Specifically, the Employer Trustees have

initiated arbitration proceedings through the American Arbitration Association (Demand

for Arbitration No. 11-620-2513-09) of their demand that the Board of Trustees fire the

Benefit Funds' regular co-counsel and replace them with a lawyer (Charles Virginia)

-23-

whose firm had represented the expelled former Union Trustees of the Benefit Funds.

The Benefit Funds' regular co-counsel–one appointed by the Employer Trustees and

one appointed by the Union Trustees--have been defending the Benefit Funds in the

DiMaria case since its inception in 2007.

61.    Following the January 7, 2010 hearing, the Employer Trustees appeared to

abandon this misguided course.  However, more recently the Employer Trustees,

through counsel, have demanded that the American Arbitration Association schedule

the matter for hearing.  If the arbitration proceeds, the Benefit Funds' assets will be

diverted to pay the cost of the proceedings, contrary to the interests of the Benefit

Funds and its participants and beneficiaries.

62.    The attempt at discharging the Benefit Funds' co-counsel is intended

to advance the Employer Trustees' traitorous purposes and assist UPPW Local 175

and the UPPW Local 175 benefit funds with which NYICA and its leaders are

associated.

**Employer Trustees Continuing Efforts To Help UPPW Local 175:
Fund Office Staff's Contract**

63.    The Benefit Funds maintain an administrative office that is staffed by employees

of the Funds.

64.    Some of these employees are known to be relatives of or associated with

Anthony Franco, the expelled former Union officer and Benefit Funds administrator who

currently controls UPPW Local 175 and its benefit funds.

-24-

65.    The Benefit Funds' employees are represented by UPPW Local 175 for purposes of collective bargaining with the Funds.  This "fox in the chicken coop" situation exists because of NYICA and the Employer Trustees. The Employer Trustees prevented the Benefit Funds from properly defending legal proceedings, including National Labor Relations Board ("NLRB") proceedings, regarding a petition by UPPW Local 175 to represent the Benefit Funds' employees.  For example, co-counsel for the Benefit Funds had undertaken in the NLRB proceedings to object to UPPW Local 175's petition on grounds that Local 175 has a fundamental conflict of interest because it sponsors benefit funds that compete against the Benefit Funds, and the Benefit Funds' employees have access to confidential information that would be useful to the UPPW Local 175 benefit funds.  The Employer Trustees, through their then leader Anthony Fasulo, demanded that the Benefit Funds' co-counsel withdraw the conflict of interest defense, arguing that any defense required the consent of the entire Board of Trustees and that the Employer Trustees would not consent to the conflict of interest defense relative to UPPW Local 175.  Once the conflict of interest defense was withdrawn, the NLRB was compelled to confirm UPPW Local 175 as the new collective bargaining representative of the Benefit Funds' employees, despite the fundamental conflict of interest that still exists.

66.    UPPW Local 175 demanded that the Benefit Funds enter into negotiations towards a collective bargaining agreement covering the staff employees.  The Employer Trustees have impeded the Board of Trustees from developing sensible

-25-

bargaining positions and have otherwise engaged in conduct designed to compel the Benefit Funds to imprudently accept UPPW Local 175's bargaining demands without regard to the best interests of the Benefit Funds.  As a consequence, the NLRB issued an unfair labor practice complaint against the Benefit Funds which is currently in litigation.

67.     Defendant Employer Trustees are insisting that the Benefit Funds accept UPPW Local 175's bargaining demands without change or further bargaining.  They are doing so to benefit UPPW Local 175 and ingratiate themselves with Anthony Franco.  By inflating the cost of the Benefit Funds' administration through higher staff compensation, the Employer Trustees are trying to make the Benefit Funds less attractive to the participants relative to UPPW Local 175's benefit funds, among other unlawful motivations.

68.     In furtherance of their disloyal purposes, the Employer Trustees have yet again initiated arbitration proceedings through the American Arbitration Association (Demand for Arbitration No. 11-620-00187-10) of their demand that the Board of Trustees accept UPPW Local 175's bargaining demands without change or further bargaining.  If the arbitration proceeds, the Benefit Funds' assets will be diverted to pay the cost of the proceedings, contrary to the interests of the Benefit Funds and its participants and beneficiaries.  This is yet another example of the NYICA-appointed Employer Trustees trying to assist UPPW Local 175 under this Court's radar.

-26-

**Other Fiduciary Misconduct By The Employer Trustees**

69.    The Employer Trustees continue to unreasonably obstruct implementation of

the Board of Trustees' earlier decision to conduct a forensic audit of the Benefit Funds,

particularly with regard to the Funds' financial integrity, their service provider and

vendor relationships, and the cost-effectiveness of its benefit programs.

70.    The Employer Trustees have engendered a contentious, hostile atmosphere

at Board of Trustees meetings and in other dealings with the Union Trustees that

precludes the careful, prudent decision-making required of fiduciaries.  The Employer

Trustees' persistent desire to advance NYICA's institutional interests and to assist

UPPW Local 175, the UPPW Local 175 benefit funds, and Anthony Franco in any way

possible undermines the proper functioning of the Board of Trustees.

**Irreparable Harm**

71.    Defendants' wrongdoing is causing irreparable harm to the Benefit Funds and

their participants and beneficiaries, including:

   (a)    Defendant Drago is unlawfully serving as an Employer Trustee and JAC

          member in violation of ERISA, rendering every action by the Boards of

          Trustees on which he votes illicit and voidable.

   (b)    Defendant Grace is violating this Court's injunction against exercising

          fiduciary authority with regard to the Benefit Funds.

   (c)    The Benefit Funds are being used by NYICA and the Employer Trustees

          and NYICA-appointed JAC members to impose the NYICA's "power on

-27-

unions and employers in the industry", which the Court previously found to constitute irreparable harm.

(d)     Because of the Employer Trustees' misconduct, the Benefit Funds' reputation among the Fund's participants, contributing employers, prospective employers, prospective apprentices, and governmental authorities is being damaged.  Such reputational injury is well-recognized as irreparable harm.

(e)     The Benefit Funds' participants and beneficiaries are being deprived of the honest services of employer trustees who will act for the sole and exclusive benefit of the Benefit Funds and their participants and beneficiaries and who will otherwise comply with ERISA's fiduciary standards of conduct.

(f)     The Defendants, including the Employer Trustees, are breaching their ERISA fiduciary duties.

(g)     Employer Trustees are illegitimately serving as Trustees.

**FIRST CAUSE OF ACTION**
**(Unlawful Appointment Of Defendant Drago As A Trustee And JAC Member)**

72.     Defendant Drago is violating ERISA section 411(a), 29 U.S.C. §1111(a), by serving as an Employer Trustee of the Benefit Funds and as a JAC member.

73.     Defendants Grace, Kilkenny and NYICA violated ERISA section 411(a), 29 U.S.C.§1111(a), by appointing Defendant Drago, or participating in Drago's appointment, to positions as an Employer Trustee of the Benefit Funds and a JAC

-28-

member, and are continuing to violate this provision by allowing Defendant Drago to remain in these positions.

74.    Defendants Kilkenny and Faicco are violating ERISA section 411(a), 29 U.S.C. §1111(a), by accepting Defendant Drago as an Employer Trustee of the Benefit Funds and a JAC member and by allowing him to remain in those positions.

## SECOND CAUSE OF ACTION
### (Breach Of Fiduciary Duty: Appointment Of Defendant Drago As A Trustee And JAC Member)

75.    Defendants Grace, Kilkenny and NYICA violated their ERISA fiduciary and co-fiduciary duties under ERISA Sections 404(a)(1) and 405(a), 29 U.S.C. §§1104(a)(1), 1105(a), by appointing Defendant Drago, or participating in Drago's appointment, to positions as an Employer Trustee of the Benefit Funds and a JAC member, and are continuing to violate their fiduciary duties by allowing Defendant Drago to remain in these positions.  Among other violations, the Defendants violated ERISA's fiduciary duties of prudence and loyalty in appointing Drago to these positions.

76.    Defendant Faicco is violating his ERISA fiduciary and co-fiduciary duties under ERISA Sections 404(a)(1) and 405(a), 29 U.S.C. §§1104(a)(1), 1105(a), by allowing Defendant Drago to remain as an Employer Trustee.

## THIRD CAUSE OF ACTION
### (Breach Of ERISA Fiduciary Duty And Court Injunction By Defendant Grace)

77.    Defendant Grace violated his ERISA fiduciary duties under ERISA Section

-29-

Section 404(a)(1), 29 U.S.C. §1104(a)(1), and the Consent Order entered by this Court in <u>Chao v. Clemenza</u> by exercising fiduciary authority to appoint Defendant Drago, or to participate in Drago's appointment, to positions as an Employer Trustee of the Benefit Funds and a JAC member.

## FOURTH CAUSE OF ACTION
### (Benefit Funds' Trust Agreements Violate ERISA:  NYICA Monopoly On Appointing Employer Trustees)

78.    The Benefit Funds' Trust Agreements are inconsistent with ERISA to the extent that they provide that only Defendant NYICA has authority to appoint Employer Trustees, insulate the NYICA-appointed Employer Trustees from accountability to the overwhelming number of contributing employers that are not NYICA members, and deny the non-NYICA employers representation on the Boards of Trustees.

79.    Defendants Drago, Kilkenny, Faicco, Grace, and NYICA are breaching their fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. §1104(a)(1), by insisting on compliance with this unlawful provision of the Trust Agreements and refusing to amend the Trust Agreements to authorize the GCA to appoint a proportionate number of Employer Trustees.

## FIFTH CAUSE OF ACTION
### (Benefit Funds' Trust Agreements Violate Taft-Hartley Act:  NYICA Monopoly On Appointing Employer Trustees)

80.    The Benefit Funds' Trust Agreements are inconsistent with Sections 302(c)(5) and (6) of the Taft-Hartley Act, 29 U.S.C. §§186(c)(5),(6), to the extent that they provide that only Defendant NYICA has authority to appoint Employer Trustees,

-30-

insulate NYICA-appointed Employer Trustees from accountability to the overwhelming

number of contributing employers that are not NYICA members, and deny the non-

NYICA employers representation on the Boards of Trustees.

## SIXTH CAUSE OF ACTION
### (Breach of ERISA Fiduciary Duty By Defendant Employer
### Trustees / JAC Members)

81.    ERISA Section 404(a)(1), 29 U.S.C. §1104(a)(1), requires, in pertinent part, that:

"a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and–

(A)    for the exclusive purpose of:

(i)    providing benefits to participants and beneficiaries; and

(ii)    defraying reasonable costs of administering the plan;

(B)    with the case, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

..........

(D)    in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]."

82.    Defendants Drago, Kilkenny, and Faicco have violated ERISA Section

404(a)(1), 29 U.S.C. §1104(a)(1), by, among other acts and omissions, engaging in the

misconduct described in paragraphs 26 through 70 of this Amended Complaint.

-31-

## SIXTH CAUSE OF ACTION
### (Breach of ERISA Fiduciary Duty By NYICA)

83.     Defendant NYICA has violated ERISA Section 404(a)(1), 29 U.S.C. §1104(a)(1),

by ,among other acts and omissions, engaging in the misconduct described in

paragraphs 26 through 70 of this Amended Complaint.

84.     Defendant NYICA is further violating ERISA Section 404(a)(1), 29 U.S.C.

§1104(a)(1), by failing to remove Defendants Drago, Kilkenny, and Faicco from their

positions as Employer Trustees of the Benefit Funds and JAC members.

## Demand For Relief

        **WHEREFORE**, the Plaintiffs respectfully request that the Court grant the

following relief, as authorized by ERISA Sections 409(a) and 502(a)(2), (a)(3), and

(g)(1), 29 U.S.C. §§1109, 1132(a)(2),(a)(3), (g)(1), and by Section 302(e) of the Taft-

Hartley Act, 29 U.S.C. §186(e):

1.     Remove Defendant Drago from his positions as an Employer Trustee of the
       Benefit Funds and as a JAC member.

2.     Hold Defendant Grace in contempt of Court and enjoin him from exercising any
       fiduciary authority with respect to the Benefit Funds.

3.     Order that the Trust Agreements of the Benefit Funds be amended to limit
       Defendant NYICA's appointment and removal authority to one (1) Employer
       Trustee and to authorize the GCA to appoint and remove the other two (2)
       Employer Trustees.

3.     Order Defendants Drago, Kilkenny and Faicco, along with any successor
       Employer Trustees, to immediately withdraw their Demands for Arbitration.

4.     Order Defendants Drago, Kilkenny, Faicco and NYICA to cooperate in amending
       the Apprenticeship Fund's apprenticeship program documentation to expressly

-32-

provide for participation in the program by all employers contributing to the Apprenticeship Fund, and to cease and desist from impeding participation in the apprenticeship program by non-NYICA employers.

5.      Order Defendants, along with any successor Employer Trustees, to cease and desist from any and all actions to assist UPPW Local 175 in gaining participation in or obtaining assets from the Benefit Funds.

6.      Order the Defendant Employer Trustees, along with any successor Employer Trustees, to cease and desist from impeding the development and implementation of prudent negotiating positions and strategies for the Benefit Funds in collective bargaining with the Benefit Funds' employees.

7.      Declare that the Defendants have violated ERISA, including their ERISA fiduciary duties with regard to the Benefit Funds.

8.      Order the Defendant Employer Trustees to cease and desist from their contumacious misconduct and to conduct themselves in accordance with their ERISA fiduciary duties with regard to the Benefit Funds, for so long as they may serve.

9.      Appoint a special master, in accordance with Rule 53 of the Federal Rules of Civil Procedure and ERISA,  to temporarily monitor the Board of Trustees, resolve disputes among the Trustees regarding the Benefit Funds' governance and administration, and ensure that the Benefit Funds are being administered in the best interests of the participants and beneficiaries.

10.     Order Defendants, jointly and severally, to pay the fees and expenses of the special master.

11.     Provide fiduciary instructions to the Board of Trustees.

12.     Order Defendants, jointly and severally, to personally make restitution to the Benefit Funds for any losses caused by their violations of ERISA.

13.     Award Plaintiffs their reasonable attorneys' fees and costs incurred in bringing this action.

14.     Grant such other and further relief as its deems just and proper.


Dated:   July 8, 2010

**-33-**

Respectfully submitted,

LAW OFFICES OF JAMES S. RAY, PLLC


By:    /s/James S. Ray
        James S. Ray (VA Bar No. 17362)
        706 Duke Street
        Alexandria, Virginia 22314
        Tel.: 703-836-8111
        Fax: 703-836-1888
        E-Mail: jrayraylaw@aol.com


        MEYER, SUOZZI, ENGLISH & KLIEN, P.C.


By:    /s/ Richard A. Brook (jsr)
        Richard N. Gilberg (RNG 7732)
        Richard A. Brook (RAB 7355)
        1350 Broadway, Suite 501
        New York, New York 10018
        (212) 239-4999
        rbrook@msek.com

        **Counsel for Plaintiffs**