UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCENT MASINO, KEITH LOSCALZO, and
FRANCISCO FERNANDEZ, as Trustees of the
Pavers and Road Builders District Council Pension,
Welfare, Annuity, and Apprenticeship, Skill
Improvement, and Safety Funds,                               REPORT AND
                                                                                   RECOMMENDATION

                 Plaintiffs,                                                        08 CV 462 (ERK)(RML)

    -against-

EDWARD DRAGO, JAMES KILKENNY,
PHILLIP A. FAICCO, RICHARD GRACE, and
the NEW YORK INDEPENDENT CONTRACTORS
ALLIANCE, INC.,

                 Defendants.
------------------------------------------------------------------X

LEVY, United States Magistrate Judge:

         Defendants, the employer-appointed trustees ("defendants" or the "employer trustees") of the Pavers and Road Builders District Council Pension, Welfare, Annuity, and Apprenticeship, Skill Improvement, and Safety Funds (the "Funds),[1] move for a declaratory judgment or advisory opinion. By order dated June 6, 2011, the Honorable Edward R. Korman, United States District Judge, referred defendants' motion to me for a report and recommendation. This motion requires an interpretation of the preliminary injunction entered on May 26, 2005 in Masino v. Montelle, 05 CV 2447 (the "injunctive order").

         The injunctive order states, in pertinent part:

         The Pavers District Council Funds shall not enter into any
         agreement or vote allowing, or otherwise allow, any labor

---

[1] The Funds are governed by a board of trustees, which is made up of three trustees appointed by the Pavers and Road Builders District Council and its local affiliates (the "union") and three trustees appointed by the New York Independent Contractors Alliance.

> organization to participate in the Funds that was not a participating
> labor organization as of January 26, 2004 (the date prior to the
> effective dates of the Amended Trust Agreements). In addition,
> the Pavers District Council Funds shall not implement any existing
> agreement or votes allowing, or otherwise allow, any labor
> organization to participate in the Funds that was not a participating
> labor organization as of January 26, 2004 (the date prior to the
> effective dates of the Amended Trust Agreements), including, but
> not limited to, any agreement, vote, or other action pursuant to
> which the Funds would accept contributions from employers
> pursuant to any collective bargaining agreement to which United
> Plant & Production Workers Local 175 is a party. *This paragraph
> shall not exclude continuing participation in the Funds of Funds'
> office staff who are members of [Amalgamated Union] Local
> 450A.*

(Injunctive Order, dated May 26, 2005, ¶ 1(b) (emphasis added).) On its face, this paragraph clearly bars members of Local 175 of the United Plant and Production Workers, International Union of Journeymen & Allied Trades ("Local 175") from participating in the Funds, but allows the Funds' administrative employees, who were members of Local 450A at that time, to participate.

Briefly, the employer trustees want the Funds' employees, who are now members of Local 175, to be permitted to continue participating in the Funds' benefit plans. Plaintiffs, the Funds' union-appointed trustees ("plaintiffs" or the "union trustees"), object to defendants' motion and contend that the relief defendants seek would require a modification of the injunctive order.[2]

On April 30, 2007, nearly two years after the injunctive order issued, the Fund's

---

[2] This motion arose in the context of a collective bargaining dispute between the union trustees and Local 175, which is recounted in great detail in the parties' submissions (see Affirmation of Eric B. Chaikin, Esq., dated Nov. 12, 2010; Declaration of James Kilkenny, filed Apr. 8, 2011; Pls.' Opposition to Defs.' Motion for an Advisory Opinion, dated Apr. 22, 2011), but need not be repeated here.

collective bargaining agreement with Local 450A expired and Local 450A elected to withdraw as the bargaining representative for the Funds' approximately ten[3] to thirteen[4] administrative employees.  (Declaration of James Kilkenny, filed Apr. 8, 2011 ("Kilkenny Decl."), ¶ 3.) The National Labor Relations Board ("NLRB") then conducted a secret ballot election to determine who would become the sole and exclusive bargaining representative of the Funds' staff.  (Id.) Local 175 won that secret ballot election, and on July 20, 2007, the NLRB certified Local 175 to replace Local 450A as the collective bargaining representative for these employees.  (Affirmation of Eric B. Chaiken, Esq., dated Nov. 12, 2010 ("Chaiken Aff."), ¶ 2.)

According to counsel for Local 175, these administrative employees remain employed by the Funds, and contributions to the Funds continue to be made on their behalf, but they have worked without a collective bargaining agreement and without any increase in wages or other benefits since 2005.  (Letter of Eric B. Chaiken, Esq., dated Sept. 13, 2011.)  The employer trustees argue that prohibiting further contributions and requiring the Funds' employees to withdraw from the Funds will damage their accumulation of pension benefits and limit their entitlement to health benefits.  (Kilkenny Decl. ¶ 13.)  They seek "an advisory opinion to the effect that it would not be a violation of the 2005 Preliminary Injunction for the Funds to enter into a CBA covering the Staff that would permit the Staff to continue to participate in the Funds' benefits plans[.]"  (Memorandum of Law in Support of the Individual Defs.' Motion for an Advisory Opinion, dated Apr. 8, 20011 ("Defs.' Mem."), at 4.)

---

[3] (See Affirmation of Eric B. Chaiken, Esq., dated Nov. 12, 2010, ¶ 9.)

[4] (See Memorandum of Law in Support of the Individual Defendants' Motion for an Advisory Opinion, dated Apr. 8, 2011, at 2 n.1.)

At issue is the intent underlying the exemption of the Funds' staff from the preliminary injunction. Defendants argue that the purpose of the exception was to protect the Funds' employees' "interest in the stability of their benefits and the ongoing accrual of vesting time and other benefits under their current plan," regardless of whether they were represented by Local 450A or another union. (Id. at 8.) Plaintiffs argue that if the court "did not care which union represented the Funds' staff, there would have been need no need to identify Local 450A in the sentence[.]" (Pls.' Opposition to Defendants' Motion for an Advisory Opinion, dated Apr. 22, 2011 ("Pls.' Mem."), at 3.)

Defendants have not demonstrated that the court intended Fund employees who are members of Local 175 to be permitted to participate in the Funds. Nor have defendants shown any compelling reason to modify the injunctive order to allow such participation. As plaintiffs correctly point out, the history and context in which the court issued the preliminary injunction are critical. It is not necessary to revisit that history here, as all of the parties are intimately familiar with it, but it bears emphasizing that the court barred Local 175 from participation in the Funds because of a serious, longstanding concern about the influence of individuals connected with organized crime. (See, e.g., Report and Recommendation, dated July 14, 2005, in Masino v. Montelle, 05 CV 2447 [docket # 36], adopted Aug. 18, 2005.) Defendants do not contend, let alone submit competence evidence to show, that those concerns are any less valid today than they were in 2005. In sum, I respectfully recommend that defendants' motion be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Korman and to my chambers, within fourteen (14) days.

Failure to file objections within the specified time waives the right to review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
September 27, 2011